19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James JACKSON, Plaintiff-Appellant,
v.
INTERNATIONAL UNION, United Auto, Aerospace and Agricultural
Implement Workers of America, and its Local 1999,
Defendants-Appellees.
 No. 93-5172.
 United States Court of Appeals, Tenth Circuit.
 March 16, 1994.
 
 1
 Before LOGAN and SETH, Circuit Judges, and KELLY,** District Judge.
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 4
 Appellant James Jackson appeals the district court's summary judgment order dismissing his racial discrimination and unfair representation claims against Appellee. We affirm the district court.
 
 
 5
 Appellant worked as a forklift driver for General Motors ("GM") and was a member of the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW"). Appellant signed up for GM's "buy-out" policy which meant that Appellant agreed to quit his job in exchange for partial retirement benefits and a single lump sum payment of approximately $23,000 after taxes and claims. Subsequently, Appellant decided against the buy-out without notifying GM, and on April 19, 1990 attempted to collect his regular paycheck. When his check was not available, he discovered his wages would be included in the buy-out payment. Appellant then went to the restroom, after which two of his supervisors asked to speak with him because he had taken two afternoon breaks. Appellant requested to meet with the union representative. The representative talked to the supervisors for Appellant and was informed that Appellant was to be fired for taking too many breaks. The representative managed to postpone the meeting on the issue of termination until the following day and also postponed Appellant's request to file grievances based on race. The following morning, Appellant accepted his buy-out payment and did not attend the scheduled meeting to discuss the situation. Appellant claims he took the buy-out because he knew he would be fired.
 
 
 6
 On October 29, 1990, Appellant filed a Title VII claim against UAW with the Equal Employment Opportunity Commission claiming that "(1) Jackson was unjustly charged with taking two afternoon breaks; (2) Jackson constructively discharged himself on April 19, 1990 after being informed by [the union representative] that management wanted to fire him; and (3) Jackson believed he had been discriminated against, in violation of Title VII, because he was black and in retaliation for filing previous EEOC charges." Ct. Order at 2-3. Appellant amended the complaint the next day, claiming he was not fairly represented by UAW. The EEOC found no violation, but issued a right to sue letter on February 27, 1991. The letter stated that Appellant had until June 12, 1991 to file suit. Appellant filed his claim in the United States District Court for the Northern District of Oklahoma on June 18, 1991, claiming discrimination under 42 U.S.C.2000e-2(c)(3) and unfair representation. The court granted summary judgment against Appellant on July 8, 1993. This appeal follows.
 
 
 7
 Appellant filed a second suit on April 23, 1992 against GM claiming constructive discharge and discrimination. On November 12, 1992, the court granted summary judgment for GM, finding that Appellant was not constructively discharged and that his civil rights claim was time-barred. Jackson v. General Motors, No.92-C-323-E (N.D. Okla.). Appellant does not appeal this ruling.
 
 
 8
 We liberally construe a pro se litigant's pleadings, holding them to a less stringent standard than pleadings drafted by a licensed attorney. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.). Using this standard, we find that the following issues were raised on appeal. First, whether Jackson's unfair representation claim was time-barred by the six-month statute of limitations set forth in the National Labor Relations Act. Second, whether the discrimination claim against UAW was barred by a summary judgment dismissal with prejudice of his claim against GM for discrimination. We hold that both the discrimination claim and the unfair representation claim are barred. Since these issues are dispositive the remaining two issues, whether the 1981 claim could apply retroactively and whether Defendants properly complied with discovery, are without merit.
 
 
 9
 We review a district court's ruling on summary judgment de novo, construing the record in a light most favorable to the party opposing the motion. Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Id.
 
 
 10
 Appellant claims that UAW did not effectively represent him against GM when they constructively discharged him due to his race. The court found that Appellant's unfair representation claim was barred because it exceeded the required six-month statute of limitations as set forth by the National Labor Relations Act, 29 U.S.C. 160(b). See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 172 (Suits involving a federal cause of action for breach of a Union's duty to fairly represent are subject to the six-month statute of limitations set forth in the National Labor Relations Act.). Appellant does not disagree that the incident giving rise to this claim occurred on April 19, 1990. Furthermore, after filing a complaint with the EEOC in October 1990, Appellant still did not file a claim in federal court despite the fact that the EEOC gave him a time limit of June 12, 1991 in the right to sue letter. Appellant did not file suit in federal court until June 18, 1991, nineteen months after the incident.
 
 
 11
 We find that the district court did not err in dismissing this claim since Appellant exceeded the statute of limitations and as a matter of law is barred from asserting a cause of action for unfair representation against UAW.
 
 
 12
 Appellant also sought relief under 42 U.S.C.2000e-2(c)(3), claiming that UAW allowed GM to discriminate against him because of his race. Under 42 U.S.C.2000e-2(c)(3), it is an unlawful employment practice for a labor organization "to cause or attempt to cause an employer to discriminate against an individual in violation of this section." The court granted summary judgment against Appellant because he could not show that GM discriminated against him.
 
 
 13
 In Appellant's suit against GM, the court granted summary judgment against Appellant finding that the Title VII claims were time-barred, that his claims of discrimination and harassment were not actionable under 42 U.S.C.1981, and that there was no genuine issue of material fact as to his constructive discharge. The court found that the only factual dispute was whether Appellant was reprimanded for taking two breaks. Furthermore, the facts alleged did not meet the test for constructive discharge under Title VII, which is "whether a reasonable person would view the working conditions as intolerable." Hirschfeld v. New Mexico Corrections Dept., 916 F.2d 572, 580 (10th Cir.) (quoting Derr v. Gulf Oil Corp., 796 F.2d 340, 343 (10th Cir.)). Effectively, by granting summary judgment in the case against GM, the court found that no discriminatory conduct by GM leading to constructive discharge could be shown.
 
 
 14
 The dismissal of the case against GM operates as collateral estoppel to the claims against UAW since the issue of employer discrimination has already been determined by a court of competent jurisdiction. See Atiya v. Salt Lake County, 988 F.2d 1013 (10th Cir.) (giving preclusive effect to a state agency's factual findings in a federal civil rights suit); Northern Natural Gas Co. v. Grounds, 931 F.2d 678, 681 (10th Cir.). Here, not only was GM not made a party to the suit, but an earlier final judgment found no proof that GM discriminated against Appellant; therefore, UAW could not have acquiesced in discriminatory acts. See Martin v. Local 1513, 859 F.2d 581 (8th Cir.). Appellant makes no new claims of discrimination which differ in any material way from his allegations of discrimination in his suit against GM. We find that Appellant has no claim of relief against UAW and summary judgment was proper.
 
 
 15
 It is unclear from Appellant's brief whether he properly raised the issue of retroactivity of 1981 claims. Because Appellant is proceeding pro se, we give him the benefit of the doubt and presume that Appellant raises this issue based on the court's order of June 15, 1992, denying his motion to amend his complaint against UAW to include a 1981 claim. The UAW summary judgment order now before us does not address the retroactivity issue.
 
 
 16
 Basically, Appellant argues that he has a valid claim under 42 U.S.C.1981 because it should apply retroactively. Assuming this issue is properly before us, we need not reach this issue as the court has already found that GM did not discriminate against Appellant. Since the same finding is required for both 1981 and Title VII claims, the summary judgment order finding no discrimination against GM bars a subsequent 1981 claim as well. See Whatley v. Skaggs Companies, Inc., 707 F.2d 1129, 1139 (10th Cir.). Furthermore, Appellant's claim of discrimination is not actionable under 42 U.S.C.1981 because "section 1981 does not provide a remedy for racial harassment in employment." Trujillo v. Grand Junction Regional Center, 928 F.2d 973, 975 (10th Cir.).
 
 
 17
 Appellant's final issue on appeal concerns discovery requests made to UAW. This issue is moot since summary judgment was proper as a matter of law for failure to state a claim upon which relief could be granted under Rule 12(b)(6). Appellant argues that had he had the discovery information, he would have been able to withstand summary judgment. However, UAW apparently complied with the court's order to answer the interrogatories when it filed responses with the court on May 24, 1993. Additionally, Appellant specifies no evidence which he reasonably believes would have been discovered and would have fended off summary judgment.
 
 
 18
 We deny Appellant's motion for oral argument because the issues presented on appeal are not novel or complex and oral argument would not assist the court in its decision.
 
 
 19
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470